IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVONTE MARSELLES WARREN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case Number: |
| | ) |
| ULCH TRANSPORT LTD., et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants, Ulch Transport Ltd. ("Ulch Transport") and Frederick Todd Jarrold ("Mr. Jarrold"), by their attorneys Sanchez Daniels & Hoffman LLP, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), hereby remove this action from the Circuit Court of Macomb County, Michigan to the United States District Court for the Eastern District of Michigan. As grounds for removal, defendants state as follows:

1. On July 22, 2019, plaintiff filed a Complaint in the Circuit Court of Macomb County, Michigan, entitled *Davonte Marselles Warren v. Ulch Transport Ltd., et al.* (Case Number 2019-2919-NI), alleging that he suffered "serious and lasting injuries" resulting from a July 26, 2018 motor vehicle collision in Saint Clair Shores, Michigan with a vehicle operated by Mr. Jarrold and owned by Ulch Transport. (*See* Exhibit 1 at ¶¶10, 19).

2. The Complaint generally alleges unspecified damages but specifically alleges that "as a result of said collision, Plaintiff did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings and loss of earning capacity due to the injuries to his neck, back, head and right leg, all of this constitute a serious impairment of body function and/or serious, permanent disfigurement." (*Id.* at ¶16).

3. The Complaint further alleged claims against Mr. Jarrold for negligence (*Id.* at ¶¶13-17) and Ulch Transport for motor vehicle owner's liability (*Id.* at ¶¶18-23).

4. Plaintiff also alleged claims for breach of no fault insurance contract against an unknown "John Doe Insurance" (*Id.* at ¶¶24-30) and Michigan Assigned Claims Facility ("MAIPF"). (*Id.* at ¶¶31-38).

5. A case sought to be removed under diversity jurisdiction must satisfy the requirements applicable to original diversity jurisdiction, complete diversity between plaintiffs and defendants, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1441(b). For such an action to be removable, diversity jurisdiction must exist both at the time the state suit was commenced and at the time removal is sought. *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776-777 (7th Cir. 1986); *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347 (1939).

6. In the Complaint, plaintiff was alleged to be a resident of Michigan (*Id.* at ¶1) while Ulch Transport and Mr. Jarrold were alleged to be residents of Ontario, Canada (*Id.* at ¶¶2, 3). However, at the time that the Complaint was filed, there was no diversity of citizenship as the Michigan Assigned Claims Facility is a resident of Michigan.

7. For situations where a party whose presence would defeat diversity is dismissed from the State action, removal is permitted even though diversity jurisdiction was not present at the time the State Court action was brought. *Powers v. Chesapeake & Ohio Railway*, 169 U.S. 92, 18 S.Ct. 264 (1898); *Tokarz v. Texaco*, 856 F.Supp. 403, 404 (N.D. Ill. 1993) (amended complaint established diversity for purposes of removal).

8. In order to fall under this exception, the creation of diversity must be on account of some voluntary action by the plaintiff, such as by dismissing a non-diverse defendant. *Tokarz v. Texaco*, 856 F.Supp. at 404-405.

9.      Here, on January 10, 2020, plaintiff stipulated to the dismissal of MAIPF and substituted Allstate Insurance Company, an Illinois Corporation, as a defendant in MAIPF's place. (*See* Exhibit 2). Moreover, plaintiff stipulated that "the date of the filing of the Complaint and/or claims and/or counts against Allstate Insurance Company and/or John Doe Insurance Company 2 shall be deemed to relate back to the original date of filing of the Complaint in this matter, which is July 23, 2019." (*Id.*).

10.     Plaintiff did not provide notice of the stipulated dismissal of MAIPF to Ulch Transport's and Mr. Jarrold's attorneys until February 19, 2020 and, at the same time, issued a settlement demand to defendants in excess of $100,000.00.

11.     Thus, as averred to and stipulated by plaintiff, there is complete diversity of citizenship between plaintiffs and defendants. (*See* Exhibits 1 and 2). Moreover, the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1441(b). (*Id.*).

12.     By reason of the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, exclusive of costs. Removal of the state court action to this Court is therefore appropriate under 28 U.S.C. § 1441(b).

13.     Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after receipt by the defendants, through service or otherwise, of a copy of the pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Moreover, this Notice of Removal was filed within one year after commencement of the action.

14. Pursuant to 28 U.S.C. § 1446(d), contemporaneous with this filing, defendants are serving a copy of this Notice of Removal upon plaintiffs and filing a copy with the Clerk of the Circuit Court of Macomb County, Michigan.

15. Defendants reserve the right to supplement this Notice of Removal and/or to present additional arguments in support of their entitlement to removal.

16. Removal is hereby effected without waiver of any challenges that defendants may have to personal jurisdiction, venue or service of process. Further, no admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved.

WHEREFORE, Defendants, Ulch Transport Ltd. and Frederick Todd Jarrold, hereby give notice of the removal of the above-referenced action now pending in the Circuit Court of Macomb County, Michigan, to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

Ulch Transport Ltd. and Frederick Todd Jarrold,

Michael T. Franz, P84079
Sanchez Daniels & Hoffman LLP           By:/s/ *Michael T. Franz*
333 W. Wacker Drive                             One of Their Attorneys
Suite 500
Chicago, Illinois 60606
(312) 214-3043
mtfranz@sanchezdh.com

Date: March 6, 2020

*Attorneys for Defendants*

ARU 75835

## **CERTIFICATE OF SERVICE**

  TAKE NOTICE that on March 6, 2020, I caused Defendant', Ulch Transport Ltd's. and Frederick Todd Jarrold's Notice of Removal to all parties of record by electronic mail.

                By: /s/ *Michael T. Franz*

Michael T. Franz
Sanchez Daniels & Hoffman LLP
333 W. Wacker Drive
Suite 500
Chicago, Illinois 60606
(312) 214-3043
mtfranz@sanchezdh.com

Date:  March 6, 2020

*Attorneys for Defendants*

ARU 76284