| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>16th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>2019- 2977 -NF |
|---|---|---|

**Court address**
40 N Main Street, Mt. Clemens, MI 48043

Court telephone no.
586-469-5351

| Plaintiff's name(s), address(es), and telephone no(s).<br>DAVONTE MARSELLES WARREN | v | Defendant's name(s), address(es), and telephone no(s).<br>ULCH TRANSPORT LTD. |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Joel R. Safir
Safir Law, PLC
26555 Evergreen Road, Suite 870
Southfield, MI 48076
(248) 996-9341

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>JUL 2 3 2019 | Expiration date:<br>OCT 2 2 2019 | Court clerk<br>Fred Miller |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18) SUMMONS    MCR 1.109(D), MCR 2.1


EXHIBIT 1

| SUMMONS |
|---|
| Case No. 2019-           -NF |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____    Signature: _____
Date                                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
                                              Day, date, time

_____ on behalf of _____
Signature

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

DAVONTE MARSELLES WARREN,

    Plaintiff,

v

FREDERICK TODD JARROLD, ULCH TRANSPORT LTD, JOHN DOE INSURANCE COMPANY 1, MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY and JOHN DOE INSURANCE COMPANY 2,

    Defendants.

Case No. 2019 -       - NI
Hon.

---

SAFIR LAW PLC
JOEL R. SAFIR (P65620)
ALISON R. KREMPA (P75593)
Attorneys for Plaintiff
29110 Inkster Road, Suite 150
Southfield, MI 48034
248-996-9341 / 248-996-9873(f)
joel@saferwithsafirlaw.com
valerie@saferwithsafirlaw.com

---

*There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this Complaint.*

*Joel R. Safir (P65620)*
*Alison R. Krempa (P75593)*

## COMPLAINT

NOW COMES Plaintiff, Davonte Marselles Warren, by and through his attorneys, Safir Law PLC, and for his Complaint states as follows:

1. Plaintiff, Davonte Marselles Warren, is a resident of the City of Mount Clemens, County of Macomb, State of Michigan.

2. Defendant Frederick Todd Jarrold is believed to be a resident of the City of Windsor, County of Essex, Province of Ontario.

3. Defendant Ulch Transport LTD is a Canadian limited liability company licensed to do business and conducting business in the County of Macomb, State of Michigan.

4. Defendant John Doe Insurance Company 1 is an insurance corporation licensed to do business and conducting business in the County of Macomb, State of Michigan.

5. Defendant Michigan Automobile Insurance Placement Facility is a legislatively created entity created to provide assistance to people injured in an accident involving a motor vehicle, when there is no automobile insurance is available, is licensed to do business in Macomb County, State of Michigan and is located at P.O. Box 532318, Livonia, MI 48153.

6. Defendant John Doe Insurance Company 2 is believed to be the insurance company Defendant Michigan Automobile Insurance Placement Facility will assign to this matter.

7. The amount in controversy exceeds Twenty-Five-Thousand ($25,000.00) dollars exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

8. This lawsuit arises out of an automobile accident, which occurred on July 26, 2018, at approximately 2:30 p.m., in the City of Saint Clair Shores, County of Macomb, State of Michigan.

9. On said date, Plaintiff was the driver of a black 2018 Volvo XC90 traveling eastbound on the I-94 9 Mile Entrance Ramp immediately prior to the accident.

10. At said date, time and place, Defendant Frederick Todd Jarrold was traveling eastbound on I-94 when his trailer jackknifed to the right, sideswiping Plaintiff's vehicle. As a result, Plaintiff sustained serious and lasting injuries.

11. On said date, Plaintiff was insured under the provisions of a motor vehicle insurance policy issued by Defendant John Doe Insurance Company 1.

12. In the alternative, the Michigan Automobile Insurance Placement Facility may be responsible for appointing John Doe Insurance Company 2 as the proper insurance carrier for Plaintiff.

## COUNT I
## NEGLIGENCE OF DEFENDANT FREDERICK TODD JARROLD

13. Plaintiff hereby incorporates all previous paragraphs by reference as though fully set forth herein.

14. That on or about July 26, 2018, the Defendant Frederick Todd Jarrold owed a duty to operate Defendant ULCH Transportation Ltd.'s vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law.

15. Contrary to the duties owed to Plaintiff, Defendant Frederick Todd Jarrold was negligent in several respects, including the following:

   a. Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

   b. Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626(a);

   c. Failing to keep the automobile constantly under control;

   d. Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

   e. Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injuries to Plaintiff;

   f. Failing to observe the highway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff would endanger the life or property of other persons using the roadway;

3

  g. Failing to yield to all approaching vehicles, MCLA 257.652;

  h. Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff;

  i. Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1);

  j. Failing to obey the instructions of a traffic control device, MCL 257.611; and

  k. Failing to make timely use of the braking system with which said vehicle is equipped.

16. That as a result of said collision, Plaintiff did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings and loss of earning capacity due to the injuries to his neck, back, head and right leg, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement.

17. That in the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incident set forth in this Complaint, then and in such event, it is averred that the negligence of the Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

WHEREFORE, Plaintiff, Davonte Marselles Warren, respectfully requests that judgment be entered in his favor against the Defendant Frederick Todd Jarrold for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

<div style="text-align:center">

**COUNT II**
**OWNER'S LIABILITY AS TO DEFENDANT ULCH TRANSPORTATION LTD.**

</div>

18. Plaintiff hereby incorporates all previous paragraphs by reference as though fully set

<div style="text-align:center">4</div>

forth herein.

19.     Defendant ULCH Transportation Ltd. owed a duty to Plaintiff to entrust the vehicle titled in their name to a reasonably prudent person who would drive with care and circumspection so as to reasonably protect the safety, health, life and property of Plaintiff, and further owed a duty to Plaintiff, and others similarly situated, to act with due and reasonable care under all the circumstances.

20.     Contrary to said duties owed to Plaintiff, Defendant ULCH Transportation Ltd. was negligent in that they permitted Defendant Frederick Todd Jarrold to operate their motor vehicle with their express or implied consent and/or knowledge.

21.     Further, Defendant ULCH Transportation Ltd. actually or implicitly entrusted the vehicle involved in this accident to Defendant Frederick Todd Jarrold who, as Defendant ULCH Transportation Ltd. knew or should have known, was a negligent driver, by reason or lack of skill and judgment; and/or was not qualified to operate said motor vehicle in a wise and prudent manner.

22.     As a consequence of Defendant Frederick Todd Jarrold's aforementioned negligence in operating Defendant ULCH Transportation Ltd.'s motor vehicle with their express or implied consent, Defendant ULCH Transportation Ltd. is liable for Plaintiff's injuries pursuant to MCL 257.401.

23.     As a direct and proximate result of the carelessness and negligence of Defendant ULCH Transportation Ltd. Plaintiff sustained the injuries as are more particularly described herein.

WHEREFORE, Plaintiff, Davonte Marselles Warren, respectfully requests that judgment be entered in his favor against the Defendant ULCH Transportation Ltd. for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and

fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT III
## BREACH OF NO-FAULT CONTRACT BY DEFENDANT JOHN DOE INSURANCE COMPANY 1

24. Plaintiff hereby incorporates all previous paragraphs by reference as though fully set forth herein.

25. Prior to and including July 26, 2018, Defendant John Doe Insurance Company 1 issued a policy of no-fault insurance, which policy continued in effect during all times relevant and pertinent to the issues for this Court. Plaintiff is entitled to benefits under this policy.

26. On July 26, 2018, the Plaintiff was involved in an automobile accident, which took place in the City of Saint Clair Shores, Michigan. The collision caused him accidental bodily injuries within the meaning of Defendant John Doe Insurance Company 1's policy and the statutory provision of MCL 500.3105.

27. Reasonable proof for full payment of all personal protection insurance benefits has been or will be supplied, but Defendant John Doe Insurance Company 1 has refused to pay or is expected to refuse to pay in the future.

28. Defendant John Doe Insurance Company 1 has unreasonably refused to pay or has unreasonably delayed making proper payments to Plaintiff contrary to MCL 500.3142 and MCL 500.3148 and continues to do so.

29. Defendant John Doe Insurance Company 1 has wrongfully withheld payment of allowable expenses forcing Plaintiff to incur other expenses connected with the subject matter of this action, all of which have been needlessly placed upon him by the wrongful actions of Defendant John Doe Insurance Company 1. As such, Plaintiff is entitled to obtain from Defendant John Doe Insurance

6

Company 1 interest, costs and a reasonable attorney fee pursuant to the provisions of the no-fault statute.

30. Defendant John Doe Insurance Company 1 has had sufficient information to pay all claims, and did not do so within the statutory 30-day time period, set forth under the Michigan No-Fault Act. Therefore, Plaintiff is entitled to attorney fees, costs and interest due to this breach.

WHEREFORE, Plaintiff, Davonte Marselles Warren, respectfully requests that judgment be entered in his favor against Defendant John Doe Insurance Company 1 for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT IV
## BREACH OF NO-FAULT INSURANCE CONTRACT BY DEFENDANT MICHIGAN ASSIGNED CLAIMS FACILITY AND JOHN DOE INSURANCE COMPANY 2

31. Plaintiff hereby incorporates all previous paragraphs by reference as though fully set forth herein.

32. Prior to and including July 26, 2018, Defendant Michigan Automobile Insurance Placement Facility was responsible for assigning an insurance company, Defendant John Doe Insurance Company 2, to provide benefits for Plaintiff arising out of his accidental bodily injuries within the meaning of MCL 500.3105.

33. In the event Defendant John Doe Insurance Company 1 is not responsible for providing no-fault benefits to Plaintiff, Defendant Michigan Automobile Insurance Placement Facility is responsible for appointing John Doe Insurance Company 2 to do so.

34. On July 26, 2018, Plaintiff was involved in an automobile accident, which took place in the City of Saint Clair Shores, State of Michigan. The collision caused him accidental bodily

injuries within the meaning of Defendant John Doe Insurance Company 2's responsibilities under MCL 500.3171 and the statutory provision of MCL 500.3105.

35. Reasonable proof for full payment of all personal protection insurance benefits has been or will be supplied, but Defendant John Doe Insurance Company 2 has refused to pay or is expected to refuse to pay in the future.

36. Defendant John Doe Insurance Company 2 has unreasonably refused to pay or has unreasonably delayed making proper payments to Plaintiff contrary to MCL 500.3142 and MCL 500.3148 and continues to do so.

37. Defendant John Doe Insurance Company 2 has wrongfully withheld payment of allowable expenses forcing Plaintiff to incur other expenses connected with the subject matter of this action, all of which have been needlessly placed upon Plaintiff by the wrongful actions of the Defendant John Doe Insurance Company 2. As such, Plaintiff is entitled to obtain from Defendant John Doe Insurance Company 2 interest, costs and a reasonable attorney fee pursuant to the provisions of the no-fault statute.

38. Defendants Michigan Automobile Insurance Placement Facility and John Doe Insurance Company 2 have had sufficient information to assign and/or pay all claims, and did not do so within the statutory 30-day time period, set forth under the Michigan No-Fault Act. Therefore, Plaintiff is entitled to attorney fees, costs and interest due to this breach.

WHEREFORE, Plaintiff, Davonte Marselles Warren, respectfully requests that the Michigan Automobile Insurance Placement Facility be ordered to assign his claim to Defendant John Doe Insurance Company 2 and a judgment be entered in his favor against Defendant John Doe Insurance Company 2 for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by

the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

                                  Respectfully submitted,
                                  SAFIR LAW PLC

                                  _____

                                  JOEL R. SAFIR (P65620)
                                  ALISON R. KREMPA (P75593)
                                  Attorneys for Plaintiff
                                  26555 Evergreen Road, Suite 870
                                  Southfield, MI 48076
Dated: July 22, 2019                 248-996-9341/248-996-9873